# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————

No. 00-1147

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Roberta Rae Gumm, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

————————

Submitted: May 12, 2000
Filed: October 12, 2000

————————

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

————————

HANSEN, Circuit Judge.

Roberta Rae Gumm appeals the district court's[1] denial of her motion to suppress evidence alleging that the affidavit in support of the search warrant used in her case failed to establish probable cause. We affirm.

———————————————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

I.

Gumm was charged in each count of a six-count indictment. Five of the counts charged offenses related to making and possessing counterfeited and forged securities; producing and transferring false identification documents; conspiracy to make, utter, and possess counterfeited and forged securities; and conspiracy to produce and transfer false identification documents. The sixth count sought forfeiture of personal property she allegedly used to commit the offenses. Gumm filed a motion to suppress evidence on the grounds that the affidavit in support of the search warrant executed against her home was insufficient to provide probable cause for the search and seizure of computer equipment, papers, and other related material that formed the basis for her conviction. After a hearing on the motion to suppress, the magistrate judge filed a report and recommendation concluding that Gumm's motion to suppress be denied. The district court entered an order adopting the magistrate judge's report and recommendation and denying Gumm's motion to suppress. Gumm was tried by a jury and found guilty on all counts. She was sentenced to thirty months of imprisonment, to be followed by three years of supervised release. Gumm appeals the denial of her motion to suppress.

II.

"'We review the facts supporting the district court's denial of the motion to suppress for clear error and review de novo the legal conclusions based on those facts.'" United States v. Beatty, 170 F.3d 811, 813 (8th Cir. 1999)(quoting United States v. Glenn, 152 F.3d 1047, 1048 (8th Cir. 1998)). We look at the evidence as a whole to ensure that it provides a substantial basis for finding probable cause to support the issuance of the warrant. See United States v. Wells, 223 F.3d 835, ____ (8th Cir. 2000). "Probable cause exists when the affidavit sets forth facts sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." Id. (internal quotations omitted).

2

Gumm does not assert on appeal that the affidavit contained false statements made knowingly and intentionally or with reckless disregard for the truth in violation of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Rather, Gumm asserts that the affidavit in support of the search warrant failed to establish probable cause because it did not contain sufficient and corroborated information. Specifically, Gumm contends that the only corroborated information in the affidavit was that Gumm had a prior conviction. Additionally, Gumm states that confidential informant, Sherrie Ninemire, was not shown to the judge who issued the warrant to be a reliable informant.

We respectfully disagree. The affidavit states that police sergeant Frank Lambrecht was contacted by Ninemire on January 22, 1999. It also states that Ninemire told Lambrecht that Gumm was counterfeiting business checks in her home using a personal computer and that Gumm had scanned Ninemire's driver's license into the computer. Ninemire also told Lambrecht that Gumm wanted her to pass these checks in other cities and told her that she could make $100,000 doing so. The affidavit states that Lambrecht was again contacted by Ninemire four days later and was told that Ninemire had seen blue computer paper resembling check paper sitting by Gumm's computer and saw checks bearing the name of Sprint. The affidavit states that Gumm had numerous arrests for forgery and worthless checks and that she had been arrested and convicted for counterfeiting federal reserve notes and was currently on probation for counterfeiting. Additionally, the affidavit states that Ninemire had given reliable information in the past that had led to the arrest of other individuals.

Although Gumm points to a few errors in the affidavit, our review of the evidence convinces us that the affidavit does contain sufficient information to establish probable cause. The affidavit incorrectly stated that Gumm had scanned Ninemire's driver's license into her computer; however, Ninemire says that in fact Gumm scanned Ninemire's Missouri identification card into the computer, an error we find insignificant. Ninemire also says she told Lambrecht that she saw green, not blue, computer paper at Gumm's house, and that she never mentioned seeing checks bearing the name of

Sprint. We fail to see the significance of a change in the color of the paper observed. What was important is that, whatever its color, it was paper similar to that upon which checks are printed. Gumm also explains that Lambrecht had never before used Ninemire as a confidential informant. Although it is true that Lambrecht had not personally used Ninemire as an informant, Lambrecht did not state in the affidavit that he had. Lambrecht testified at the suppression hearing that he had been informed by the West Central Missouri Drug Task Force that Ninemire had been a very reliable informant and that information she had provided led to the arrest of individuals for criminal activity, and that was the basis for his affidavit recitation concerning her reliability. We see no basis to attack the warrant on that ground.

These quite minor discrepancies in the affidavit do not destroy the district court's conclusion that probable cause to search existed. Even excluding the information regarding the driver's license, the green computer paper, and the checks bearing the name of Sprint, the affidavit still contained sufficient information from a known and reliable informant that important and material evidence of counterfeiting would be found in Gumm's residence. Looking at the evidence as a whole, we conclude that there was probable cause for the state circuit court judge to issue a search warrant for Gumm's residence.

### III.

For the reasons stated above, we affirm the district court's denial of Gumm's suppression motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4